In contrast to the cases Kimberlee cites, Michael was not subject to an order restraining his ability to transfer assets when he changed the beneficiary on his life insurance policy. The district court's authority to enforce its own orders therefore is not at issue in this case. Indeed, in moving for summary judgment, Kimberlee did not rely on the district court's powers to enforce its own orders. Kimberlee instead relied on Minn.Stat. § 518.58, subd. 1a. That statute, however, applies only in "current dissolution ... proceeding[s]." Because Kimberlee is no longer a party to a marital dissolution proceeding, we hold that Minn.Stat. § 518.58, subd. 1a, does not provide her a remedy in this case.[3]

Affirmed.

of Appeals in this matter was improvidently granted by this court,

IT IS HEREBY ORDERED that the order of this court filed December 30, 2014, granting review of the October 20, 2014, decision of the Court of Appeals be, and the same is, vacated and the appeal is dismissed.

BY THE COURT:

/s/_____

Lorie S. Gildea
Chief Justice

**STATE of Minnesota, Respondent,**

v.

**Martin David HUTCHINS, Jr., Appellant.**

**No. A14–0750.**

Supreme Court of Minnesota.

July 20, 2015.

ORDER

It now appearing that the petition for further review of the decision of the Court

**In re the Matter of DAKOTA COUNTY, Appellant,**

**Lorinda Elaine Floding, Petitioner Below,**

v.

**Darrell Ray Gillespie, Respondent.**

**No. A13–1240.**

Supreme Court of Minnesota.

July 22, 2015.

---

**3.** Our holding in this case is without prejudice to Kimberlee's right under the probate code to an elective share of Michael's augmented estate pursuant to Minn.Stat. § 524.2–205(1)(iii) (2014). In addition, because we conclude that Minn.Stat. § 518.58, subd. 1a, does not apply in this case, we do not reach the question of whether a term life insurance policy is a marital asset under the statute. Finally, to the extent that Kimberlee makes an alternative argument that even if Minn.Stat.

§ 518.58, subd. 1a, did not apply, she was entitled to a constructive trust based on something other than the court's authority to enforce its own orders, we do not consider this issue, because the district court did not reach it and Kimberlee did not raise the issue in her petition for review. *See In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 757 (Minn.2005) ("Generally, we do not address issues that were not raised in a petition for review.").